IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JENNIFER PURIFOY                                                                 PLAINTIFF

v.                                          CASE NO. 4:25-CV-00291-BSM

OFFICER ALBERT NELSON;
OFFICER KEITH CREMEENS;
CITY OF LITTLE ROCK;
and PAOLA GONZALES                                                            DEFENDANTS

## ORDER

The motion of Albert Nelson and the City of Little Rock to dismiss Jennifer Purifoy's federal claims [Doc. No. 5] is granted, and supplemental jurisdiction is declined over her remaining state claims.

### I. BACKGROUND

Jennifer Purifoy has two children with Antonio Lozano. Compl. ¶ 11, Doc. No. 1. Their relationship became strained because of a child support dispute, and at some point during the dispute, Lozano began a romantic relationship with Paola Gonzales. *Id.* ¶ 12 and 14. Gonzalez applied for, and was granted, a protective order against Purifoy, but the protective order did not prevent Purifoy from associating with Lozano. *Id.* ¶¶ 16–17.

Gonzalez later filed a police report claiming that Purifoy had contacted her in violation of the protective order, when in actuality, Purifoy had contacted Lozano. *Id.* ¶ 18–20 and 22. Officer Albert Nelson performed the initial investigation. *Id.* ¶ 21. Nelson did not ask to see Gonzales's phone records, nor did he interview Purifoy. *Id.* ¶¶ 22, 25 and 29. Officers Keith Cremeens and Nelson obtained a written affidavit from Gonzales

outlining Purifoy's alleged violations of the protective order. Compl. ¶ 32. Cremeens then approved Nelson's report and a warrant was obtained for Purifoy's arrest. *Id.*; Arrest Warrant, Doc. No. 8–1. Purifoy was arrested for violating the protective order, and the charges against Purifoy were later dismissed. *Id.* ¶ 39–40.

Purifoy is suing officers Nelson and Cremeens, the City of Little Rock, and Gonzalez for violating her constitutional and civil rights. Nelson and the City of Little Rock are moving to dismiss all of Purifoy's claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record may all be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## III. DISCUSSION

Purifoy alleges three federal claims. First, she alleges defendants violated the Fourth Amendment by improperly seizing (arresting) her. Second, she alleges that defendants

violated the Fourth Amendment by maliciously prosecuting her. Third, she alleges that defendants violated the Fourteenth Amendment by failing to provide her with due process.

    A.    <u>Seizure</u>

The motion to dismiss Purifoy's unreasonable seizure claims is granted. It is also granted *sua sponte* against Cremeens who has yet to be served. Any federal claims brought against Gonzalez are also dismissed *sua sponte* because Gonzalez did not act under color of state law. *See Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007).

The claims are dismissed against the officers because Purifoy alleges that defendants violated the Fourth Amendment by failing to perform the minimal investigation required before arresting her, making her seizure improper. Purifoy, however, was arrested pursuant to an arrest warrant. Arrest Warrant, Doc. No. 8-1. When an arrest warrant is issued, an officer can be liable only if the warrant is "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 345 (1986). Officers are afforded "substantial latitude in interpreting and drawing inferences from factual circumstances." *Brown v. City of St. Louis, Mo.*, 40 F.4th 895, 900 (8th Cir. 2022) (citation omitted). An officer is immune from suit as long as the officer has arguable probable cause to make the arrest. *Id.* at 901.

The warrant to arrest Purifoy was predicated on information contained in a written affidavit from Gonzales stating that Purifoy: (1) contacted her via text message; (2) followed her as she was driving her children to school, which was confirmed by traffic camera footage; and (3) came to her house and was caught, which was evidenced by video recording.

Gonzales Aff., Doc. No. 8-2. The officers conducted an interview, obtained a sworn statement, and a judge issued an arrest warrant. Arrest Warrant, Doc. No. 8-1. The investigation was minimal, but it was objectively reasonable for the officers to believe that probable cause existed.

B. Malicious Prosecution

Purifoy's Fourth Amendment malicious prosecution claims are also dismissed. To establish a malicious prosecution claim, Purifoy must show: "(1) the charge was instituted without probable cause; (2) the motive for instituting the suit was malicious – that is, for a purpose other than bringing the Plaintiff to justice; and (3) the prosecution ended with a favorable termination." *Sanford v. Robinson*, No. 5:24-CV-05057, 2025 WL 510924, at *5 (W.D. Ark. Feb. 14, 2025) (citing *Thompson v. Clark*, 596 U.S. 36, 44 (2022)). For the reasons discussed above, though it turned out the information the officers received may have been incorrect, the officers had probable cause to arrest her.

C. Due Process

Purifoy's Fourteenth Amendment due process claims are dismissed because the officers are immune from suit. This is true because the officers' conduct does not shock the conscience. *See Kingsley v. Lawerence Cnty., Mo.*, 964 F.3d 690, 700–01 (8th Cir. 2020). Whether conduct shocks the conscience is a question of law to which courts apply a rigorous standard. *See id.* at 701. "Investigators shock the conscience when they (1) attempt to coerce or threaten the criminal defendant, (2) purposefully ignore evidence of the defendant's innocence, or (3) systematically pressure to implicate the defendant despite contrary

evidence." *Folkerts v. City of Waverly*, 707 F.3d 975, 981 (8th Cir. 2013).

Here, Purifoy does not allege that the officers attempted to coerce or threaten her. Nor does Purifoy allege that the officers systematically pressured someone to implicate her despite contrary evidence. And her allegation that the officers "purposefully ignored evidence suggesting [her] innocence," Compl. ¶ 70, is conclusory, contradicted by her own allegations, and does not shock the conscience. Indeed, the evidence of the text messages that the officers allegedly ignored, *see id.* ¶ 70, was not presented until after Purifoy's arrest, *see id.* ¶ 38. Although the officers' failure to properly examine the text messages upon which a part of Gonzales's affidavit was predicated is not ideal, this failure does not amount to conscience-shocking behavior that establishes a due process violation.

D.   Municipal Liability Claims

The claims against the City are dismissed because no underlying constitutional violations occurred. "Absent a constitutional violation by an employee, there can be no [42 U.S.C. section] 1983 or *Monell* liability." *Stearns v. Wagner*, 122 F.4th 699, 704 (8th Cir. 2024) (cleaned up).

E.   Supplemental Jurisdiction

The remaining state law claims against all defendants are dismissed for lack of jurisdiction. "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray Cnty.*, 420 F.3d 880,

888 (8th Cir. 2005) (cleaned up). The predominating claims in this suit are state claims and properly belong in state court. In the interest of judicial economy, Purifoy's remaining state law claims are dismissed without prejudice.

## IV. CONCLUSION

For these reasons, defendants' motion for dismissal without prejudice is granted.

IT IS SO ORDERED this 29th day of September, 2025.

_____
UNITED STATES DISTRICT JUDGE